341 S.E.2d 841

**STATE of West Virginia**

v.

**Leonard LEASE**

**No. 16641.**

Supreme Court of Appeals of West Virginia.

March 12, 1986.

Frank W. Helvey, Jr., Public Legal Services, Charleston, for appellant.

Bethany Boyd, Asst. Atty. Gen., Charleston, for appellee.

PER CURIAM:

This is an appeal by the appellant, Leonard Lease, from a final order of the Circuit Court of Mineral County, entered October 6, 1983, which sentenced him to imprisonment in the penitentiary for a term of not less than two nor more than ten years upon his conviction, after a jury trial, of the crime of malicious assault. The appellant contends that the trial court erred in allowing him to represent himself at trial because there was no showing that his election to proceed without counsel was made knowingly and intelligently. We agree, and we reverse the judgment of the circuit court.

The appellant was arrested on June 28, 1983 in Keyser, Mineral County, following an altercation with a city police officer, and was subsequently indicted on charges of malicious assault, obstructing an officer and attempted murder. Counsel was appointed to represent the appellant on July 7, 1983.

On August 4, 1983, a hearing was conducted before the circuit court to take up certain preliminary motions filed by the appellant's counsel, including a motion for a psychiatric examination to determine whether the appellant was competent to stand trial. At that time both the appellant and his appointed attorney informed the court that the appellant wished to represent himself in any further proceedings. The court, however, expressed concern as to the appellant's mental capacity to waive his right to counsel and withheld ruling on the appellant's request until the court had been apprised of the results of the psychiatric examination requested by counsel. The prosecuting attorney was informed, by letter dated August 5, 1983, of the examining physician's conclusion that the appellant was competent to stand trial.

On September 2, 1983, a second hearing was conducted before the circuit court for the purpose of taking the appellant's plea. At the outset of the hearing, the appellant repeated his request to represent himself and was thereafter allowed to proceed without counsel. The court ordered the appellant's court-appointed attorney to prepare for and appear at trial as standby counsel, but expressly precluded him from participating in the proceedings in any manner unless the appellant specifically requested his assistance.

At trial, conducted before a jury on September 19, 1983, the appellant again refused the assistance of counsel and was allowed to appear *pro se*. The State's evidence pointed overwhelmingly to the guilt of the appellant. The appellant's attempts to cross-examine witnesses were inept and required the trial court to intervene repeatedly to maintain orderly courtroom procedure. The appellant offered no defense except to make a statement to the jury while under oath. The jury deliberated only twenty-three minutes before finding the appellant guilty of the offense of malicious assault.

The issue on appeal is whether the appellant's decision to represent himself at trial was made knowingly and intelligently. In *State v. Sheppard,* 172 W.Va. 656, 310 S.E.2d 173 (1983), we held that such a showing was one of the prerequisites giving rise to a criminal defendant's constitutional right to appear and defend himself without the assistance of counsel. *See also Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). The test of a valid election of self-representation was recently restated in Syllabus Point 2 of *State v. Sandler,* 175 W.Va. 572, 336 S.E.2d 535 (1985):

"The determination of whether an accused has knowingly and intelligently elected to proceed without the assistance of counsel depends on the facts and circumstances of the case. The test in such cases is not the wisdom of the accused's decision to represent himself or its effect upon the expeditious administration of justice, but, rather, whether the defendant is aware of the dangers of self-representation and clearly intends to waive the rights he relinquishes by electing to proceed *pro se.*" *State v. Sheppard,* 172 W.Va. 656, 310 S.E.2d 173, 188 (1983) (citations omitted).

In *Sheppard,* we held that it was the obligation of the trial court to engage the defendant in a colloquy on the record directed at ascertaining whether the defendant understands his rights and the possible consequences of self-representation. In this regard we set forth guidelines for such inquiry, directing the trial judge:

1. To ascertain if the defendant is cognizant of and willing to relinquish his right to assistance of counsel.

2. To insure that the accused is aware of the nature, complexity and seriousness of the charges against him and of the possible penalties that might be imposed.

3. To warn the accused of the danger and disadvantages of self-representation. (e.g., that self-representation is almost always detrimental and that he will be subject to all the technical rules of evidence and procedure, the same as if he had been represented by counsel.)

4. To advise the defendant that he waives his right to refuse to testify by going outside the scope of argument and testifying directly to the jury.

5. To make some inquiry into the defendant's intelligence and capacity to appreciate the consequences of his decision. (Citation omitted).

*State v. Sandler, supra,* 175 W.Va. at 574, 336 S.E.2d at 537.

■ In the case at bar, the trial court made a brief inquiry of the appellant at the initial pretrial hearing concerning his ability to represent himself.[1] The court subsequently secured an expert opinion as to the appellant's mental competency. At the second pretrial hearing, the court instructed the appellant that the offense of malicious assault was a felony which carried a penalty of two to ten years' imprisonment. Beyond this the trial court took no steps to insure that the appellant was aware of the dangers and disadvantages of self-representation. Clearly, the trial court's inquiry in this case falls far short of the comprehensive colloquy suggested in *Sheppard.*[2]

We have recognized that the failure of a trial court to adhere strictly to the guidelines set forth in *Sheppard* may not, of itself, warrant reversal of a defendant's conviction. "These guidelines are not mandatory. The omission of one or more of the warnings in a particular case would not necessarily require reversal, so long as it is apparent from the record that the defendant made a truly intelligent and knowledgeable waiver of his right to counsel." *State v. Sandler,* 175 W.Va. at 574, 336 S.E.2d at 537.

The record before this Court indicates that the appellant had some prior experience with the criminal justice system. The record also shows that the appellant repeatedly asserted that he was aware of "the law" and of his rights. However, we do not believe that these circumstances are, of themselves, sufficient to demonstrate that there was an intelligent and knowledgeable election on the part of the appellant to dispense with the services of counsel. It is apparent that the appellant was neither advised nor aware of even the most rudimentary technical aspects of conduct-

---

1. The following exchange took place between the court and the appellant:
"THE COURT: Why do you think you're able to handle this case without a lawyer?
DEFENDANT: Well, because I know the laws and I know my rights, and I know me."

2. We recognize that the trial court did not have the benefit of *Sheppard's* guidance at the time of the proceedings below. Our decision in that case, however, was predicated in large part upon principles enunciated by the United States Supreme Court in *Faretta v. California, supra,* which were in force and effect at the time of the appellant's trial.

ing a defense. Indeed, throughout trial, the appellant seemed to be laboring under the misapprehension that presenting a defense is merely a matter of telling one's own story.

In all fairness, we note that both the trial court and the prosecution in this case attempted to give the appellant some leeway in his self-representation at trial.[3] However, the absence of a knowing and intelligent election by the appellant to proceed without counsel impinges upon the appellant's fundamental right to a fair trial. In view of the failure of the record to demonstrate a valid choice of self-representation, we feel compelled to reverse the conviction, despite the efforts of the trial court and the overwhelming evidence of the appellant's guilt revealed by the record.

For the reasons stated herein, the judgment of the Circuit Court of Mineral County is reversed.

Reversed.

---

**3.** The court repeatedly attempted, though unsuccessfully, to explain to the appellant certain procedural aspects of cross-examination and voir dire. The prosecuting attorney refrained from objecting to the appellant's outbursts at trial and from cross-examining him when he took the stand to make his sworn statement.